UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:14-CR-304 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| HERBERT JOHNSON, | |
| Defendant(s). | |

Presently before the court is defendant's motion to amend (ECF No. 45) the October 7, 2015, judgment that sentenced defendant to a total of 171 months after pleading guilty to six counts of "Interference with Commerce by Robbery & Aiding & Abetting" and one count of "Brandishing a Firearm During and in Relation to a crime of Violence" (ECF No. 41 at 1). The government has filed a response (ECF No. 47), but the defendant has not filed a timely reply.

Defendant requests that the judgment be modified so that it runs concurrent to his sentence that was imposed by the state of Nevada. (ECF No. 45). Defendant was "sentenced in the Eighth Judicial District of Nevada to 23 years to Life from a plea of guilty to Murder and Attempted Murder." (ECF No. 45 at 1). Additionally, "[t]he State of Nevada Judge ordered that sentence to run consecutively with this case." (*Id.*).

A prison sentence generally cannot be modified, except by Federal Rule of Criminal Procedure 35 or statute. *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Rule 35 states that, within 14 days after the oral announcement of the sentence, "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a), (c).

Defendant's sentencing hearing was held on August 11, 2015. (ECF No. 39). During that hearing, defendant was orally informed, on the record, what his sentence would be for those charges to which he pled guilty in this court. (ECF No. 44 at 13). Further, defendant's motion to

**James C. Mahan**
**U.S. District Judge**

amend was filed on March 21, 2016. (ECF No. 45). The date of the motion's filing clearly exceeds the fourteen-day limit imposed by Rule 35(a). Therefore, Rule 35 does not apply in the present case.

Defendant additionally cites to 18 U.S.C. § 3584, arguing that "a Federal Judge can sentence a defendant to concurrent time by determining the 3553(a) factors and their relevance to a decision between concurrent and consecutive." (ECF No. 45). The relevant convictions for which defendant was sentenced in the Nevada state court are separate from those convictions relevant to this court's sentencing. (*Compare* ECF No. 45 at 1, *with* ECF No. 41 at 1). Indeed, defendant's motion states that he was not only sentenced on the state convictions after being sentenced in this court but that the judge in Nevada state court "ordered that sentence to run consecutively with this case." (ECF No. 45 at 1).

In the present case, the court finds that there is no legal reason to disrupt the decision of the state judge that the sentence for defendant's conviction in that court is to run consecutive to the sentence imposed by this court. Accordingly, defendant's motion will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to amend/correct judgment (ECF No. 45) be, and the same hereby is, DENIED.

DATED August 24, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**